UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| U.S. Bank Trust, N.A., as Trustee for LSF10 Master Participation Trust | CIVIL ACTION NO: |
| Plaintiff | COMPLAINT |
| vs. | RE:<br>299 Ellis River Road, Rumford, ME 04276 |
| F. Michael Piveronas<br><br>Defendant | Mortgage:<br>November 28, 2007<br>Book 4236, Page 3<br>Reformed at Book 5457, Page 168 |

NOW COMES the Plaintiff, U.S. Bank Trust, N.A., as Trustee for LSF10 Master Participation Trust, by and through its attorneys, Doonan, Graves & Longoria, LLC, and hereby complains against the Defendant, F. Michael Piveronas, as follows:

## JURISDICTION AND VENUE

1. This Court has jurisdiction over this action pursuant 28 U.S.C. § 1332(a)(1) (Diversity) because the Plaintiff and Defendant are citizens of different states and the matter in controversy exceeds the sum or value of seventy-five thousand and 00/100 ($75,000.00) dollars, exclusive of interest and costs.  Any Court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought under 28 U.S.C. § 2201.

2. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332(a)(1) because the object of this litigation is a Note executed under seal currently owned and held by U.S. Bank Trust, N.A., as Trustee for LSF10 Master Participation Trust, in which the Defendant, F. Michael Piveronas, is the obligor and the total amount owed under the terms of the Note is One Hundred Thousand Five Hundred Seventy-Five and 45/100 ($100,575.45) Dollars, plus

attorney fees and costs associated with the instant action; thus, the amount in controversy exceeds the jurisdictional threshold of seventy-five thousand ($75,000.00) dollars.

3. Venue is properly exercised pursuant to 28 U.S.C. §1391(b)(2) insofar as all or a substantial portion of the events that give rise to the Plaintiff's claims transpired in Maine and the property is located in Maine.

## PARTIES

4. U.S. Bank Trust, N.A., as Trustee for LSF10 Master Participation Trust is a corporation with its principal place of business located at 425 Walnut Street, Cincinnati, OH 45205.

5. The Defendant, F. Michael Piveronas, is a resident of Rumford, County of Oxford and State of Maine.

## FACTS

6. On November 28, 2007, by virtue of a Warranty Deed from Paul T. Piveronas and F. Michael Piveronas, which is recorded in the Oxford County Registry of Deeds – Eastern in **Book 4236, Page 1,** as affected by Corrective Warranty Deed, dated April 7, 2008, and recorded in the Oxford County Registry of Deeds in **Book 4299, Page 152**, intending to correct the legal description to reflect the inclusion of Parcel II, the property situated at 299 Ellis River Road, Rumford, County of Oxford, and State of Maine, was conveyed to the Defendant, F. Michael Piveronas, being more particularly described by the attached legal description. *See* Exhibit A (a true and correct copy of the legal description is attached hereto and incorporated herein).

7. On November 28, 2007, the Defendant, F. Michael Piveronas, executed and delivered to Countrywide Bank, FSB a certain Note in the amount of $91,000.00. *See* Exhibit B (a true and correct copy of the Note is attached hereto and incorporated herein).

8. To secure said Note, on November 28, 2007, the Defendant executed a Mortgage Deed in favor of Mortgage Electronic Registration Systems, Inc. as nominee for Countrywide Bank, FSB, securing the property located at 299 Ellis River Road, Rumford, ME 04276 which Mortgage Deed is recorded in the Oxford County Registry of Deeds – Eastern in **Book 4236**, **Page 3**. *See* Exhibit C (a true and correct copy of the Mortgage is attached hereto and incorporated herein).

9. The Mortgage was then assigned to Green Tree Servicing LLC by virtue of an Assignment of Mortgage, dated October 2, 2014, and recorded in the Oxford County Registry of Deeds– Eastern in **Book 5172**, **Page 103**. *See* Exhibit D (a true and correct copy of the Assignment of Mortgage is attached hereto and incorporated herein).

10. The Mortgage was then assigned to Federal National Mortgage Association (a/k/a "Fannie Mae") by virtue of an Assignment of Mortgage, dated January 28, 2015, and recorded in the Oxford County Registry of Deeds – Eastern in **Book 5206**, **Page 652**. *See* Exhibit E (a true and correct copy of the Assignment of Mortgage is attached hereto and incorporated herein).

11. On July 11, 2015, the Defendant, F. Michael Piveronas, executed a Home Affordable Modification Agreement which increased the principal amount of the Note to $85,637.49 (herein after referred to as the "Loan Modification"). *See* Exhibit F (a true and correct copy of the Loan Modification is attached hereto and incorporated herein)

12. The Mortgage was then assigned to U.S. Bank Trust, N.A., as Trustee for LSF10 Master Participation Trust by virtue of an Assignment of Mortgage, dated October 26, 2018, and recorded in the Oxford County Registry of Deeds – Eastern in **Book 5440**, **Page 2447**. *See* Exhibit G (a true and correct copy of the Assignment of Mortgage is attached hereto and incorporated herein).

13. The Mortgage was further affected by Order on Motion for Summary Judgment from the Oxford County Superior Court, Docket No. RE-18-24, entered on January 24, 2019, and recorded in the Oxford County Registry of Deeds in **Book 5457, Page 168**, which retroactively reformed the Mortgage to reference the correct legal description, to include reference to Parcel II.  *See* Exhibit H (a true and correct copy of the Quitclaim Assignment is attached hereto and incorporated herein).

14. The Mortgage was further assigned to U.S. Bank Trust, N.A., as Trustee for LSF10 Master Participation Trust by virtue of a Quitclaim Assignment, dated March 27, 2019, and recorded in the Oxford County Registry of Deeds – Eastern in **Book 5456**, **Page 23**.  *See* Exhibit I (a true and correct copy of the Quitclaim Assignment is attached hereto and incorporated herein).

15. On May 6, 2019, the Defendant, F. Michael Piveronas, was sent a Notice of Mortgagor's Right to Cure, as evidenced by the Certificate of Mailing (herein after referred to as the "Demand Letter").  *See* Exhibit J (a true and correct copy of the Demand Letter is attached hereto and incorporated herein).

16. The Demand Letter informed the Defendant, F. Michael Piveronas, of the payment due date, the total amount necessary to cure the default, and the deadline by which the default must be cured, which was thirty-five (35) days from receipt of the Demand Letter.  *See* Exhibit J.

17. The Defendant, F. Michael Piveronas, failed to cure the default prior to the expiration of the Demand Letter.

18. The Plaintiff, U.S. Bank Trust, N.A., as Trustee for LSF10 Master Participation Trust, is the present holder of the Note pursuant to endorsement by the previous holder (if applicable),

payment of value and physical possession of the Note in conformity with 11 M.R.S. § 3-1201, et seq., 10 M.R.S. § 9416, and *Simansky v. Clark*, 147 A. 205, 128 Me. 280 (1929).

19. The Plaintiff, U.S. Bank Trust, N.A., as Trustee for LSF10 Master Participation Trust, is the lawful holder and owner of the Note and Mortgage.

20. The Plaintiff, U.S. Bank Trust, N.A., as Trustee for LSF10 Master Participation Trust, hereby certifies that all steps mandated by law to provide notice to the mortgagor pursuant to 14 M.R.S.A. § 6111 were strictly performed.

21. The total debt owed under the Note and Mortgage as of July 9, 2019 is One Hundred Thousand Five Hundred Seventy-Five and 45/100 ($100,575.45) Dollars, which includes:

| Description | Amount |
| --- | --- |
| Principal Balance | $84,602.79 |
| Interest | $10,905.01 |
| Escrow/Impound Required | $3,762.13 |
| Total Advances | $737.66 |
| Late Charges Due | $567.86 |
| Grand Total | $100,575.45 |

22. Upon information and belief, the Defendant, F. Michael Piveronas, is presently in possession of the subject property originally secured by the Mortgage.

## COUNT I – FORECLOSURE

23. The Plaintiff, U.S. Bank Trust, N.A., as Trustee for LSF10 Master Participation Trust, repeats and re-alleges paragraphs 1 through 22 as if fully set forth herein.

24. This is an action for foreclosure respecting a real estate related Mortgage and title located at 299 Ellis River Road, Rumford, County of Oxford, and State of Maine. *See* Exhibit A.

25. The Plaintiff, U.S. Bank Trust, N.A., as Trustee for LSF10 Master Participation Trust, is the holder of the Note referenced in Paragraph 7 pursuant to endorsement by the previous

holder (if applicable) and physical possession of the aforesaid Note in conformity with Title 11, section 3-1201, et seq. of the Maine Revised Statutes and *Simansky v. Clark*, 147 A. 205, 128 Me. 280 (1929). As such, Plaintiff, U.S. Bank Trust, N.A., as Trustee for LSF10 Master Participation Trust, has the right to foreclosure upon the subject property.

26. The Plaintiff, U.S. Bank Trust, N.A., as Trustee for LSF10 Master Participation Trust, is the current owner and investor of the aforesaid Mortgage and Note.

27. The Defendant, F. Michael Piveronas, is presently in default on said Mortgage and Note, having failed to make the monthly payment due August 1, 2017, and all subsequent payments, and, therefore, has breached the condition of the aforesaid Mortgage and Note.

28. The total debt owed under the Note and Mortgage as of July 9, 2019 is One Hundred Thousand Five Hundred Seventy-Five and 45/100 ($100,575.45) Dollars, which includes:

| Description | Amount |
|---|---|
| Principal Balance | $84,602.79 |
| Interest | $10,905.01 |
| Escrow/Impound Required | $3,762.13 |
| Total Advances | $737.66 |
| Late Charges Due | $567.86 |
| Grand Total | $100,575.45 |

29. The record established through the Oxford County Registry of Deeds-Eastern indicates that there are no public utility easements recorded subsequent to the Mortgage and prior to the commencement of these proceedings affecting the mortgaged premises at issue herein.

30. By virtue of the Defendant's breach of condition, the Plaintiff hereby demands a foreclosure on said real estate.

31. Notice in conformity with 14 M.R.S.A. §6111 was sent to the Defendant, F. Michael Piveronas, on May 6, 2019, evidenced by the Certificate of Mailing. *See* Exhibit J.

32. The Defendant, F. Michael Piveronas, is not in the Military as evidenced by the attached Exhibit K.

## COUNT II – BREACH OF NOTE

33. The Plaintiff, U.S. Bank Trust, N.A., as Trustee for LSF10 Master Participation Trust, repeats and re-alleges paragraphs 1 through 32 as if fully set forth herein.

34. On November 28, 2007, the Defendant, F. Michael Piveronas, executed and delivered to Countrywide Bank, FSB a certain Note in the amount of $91,000.00.  *See* Exhibit B.

35. The Defendant, F. Michael Piveronas, is in default for failure to properly tender the August 1, 2017 payment and all subsequent payments.  *See* Exhibit J.

36. The Plaintiff, U.S. Bank Trust, N.A., as Trustee for LSF10 Master Participation Trust, is the proper holder of the Note and is entitled to enforce the terms and conditions of the Note due to its breach by the Defendant, F. Michael Piveronas.

37. The Defendant, F. Michael Piveronas, having failed to comply with the terms of the Note and Mortgage, is in breach of both the Note and the Mortgage.

38. The Defendant F. Michael Piveronas's breach is knowing, willful, and continuing.

39. The Defendant F. Michael Piveronas's breach has caused Plaintiff U.S. Bank Trust, N.A., as Trustee for LSF10 Master Participation Trust to suffer actual damages, including, but not limited to money lent, interest, expectancy damages, as well as attorney's fees and costs.

40. The total debt owed under the Note and Mortgage as of July 9, 2019, if no payments are made, is One Hundred Thousand Five Hundred Seventy-Five and 45/100 ($100,575.45) Dollars, which includes:

| Description | Amount |
|---|---|
| Principal Balance | $84,602.79 |
| Interest | $10,905.01 |
| Escrow/Impound Required | $3,762.13 |
| Total Advances | $737.66 |
| Late Charges Due | $567.86 |
| Grand Total | $100,575.45 |

41. Injustice can only be avoided by awarding damages for the total amount owed under the Note including interest, plus costs and expenses, including attorney fees.

## COUNT III – BREACH OF CONTRACT, MONEY HAD AND RECEIVED

42. The Plaintiff, U.S. Bank Trust, N.A., as Trustee for LSF10 Master Participation Trust, repeats and re-alleges paragraphs 1 through 41 as if fully set forth herein.

43. By executing, under seal, and delivering the Note, the Defendant, F. Michael Piveronas, entered into a written contract with Countrywide Bank, FSB, who agreed to loan the amount of $91,000.00 to the Defendant. *See* Exhibit B.

44. As part of this contract and transaction, the Defendant, F. Michael Piveronas, executed the Mortgage to secure the Note and the subject property. *See* Exhibit C.

45. The Plaintiff, U.S. Bank Trust, N.A., as Trustee for LSF10 Master Participation Trust, is the proper holder of the Note and successor-in-interest to Countrywide Bank, FSB, and has performed its obligations under the Note and Mortgage.

46. The Defendant, F. Michael Piveronas, breached the terms of the Note and Mortgage by failing to properly tender the August 1, 2017 payment and all subsequent payments. *See* Exhibit J.

47. The Plaintiff, U.S. Bank Trust, N.A., as Trustee for LSF10 Master Participation Trust, is the proper holder of the Note, and is entitled to enforce the terms and conditions of the Note due to its breach by the Defendant, F. Michael Piveronas.

48. The Defendant, F. Michael Piveronas, having failed to comply with the terms of the Note and Mortgage, is in breach of contract.

49. The Defendant, F. Michael Piveronas, is indebted to U.S. Bank Trust, N.A., as Trustee for LSF10 Master Participation Trust in the sum of One Hundred Thousand Five Hundred Seventy-Five and 45/100 ($100,575.45) Dollars, for money lent by the Plaintiff, U.S. Bank Trust, N.A., as Trustee for LSF10 Master Participation Trust, to the Defendant.

50. Defendant F. Michael Piveronas's breach is knowing, willful, and continuing.

51. Defendant F. Michael Piveronas's breach has caused Plaintiff, U.S. Bank Trust, N.A., as Trustee for LSF10 Master Participation Trust, to suffer actual damages, including, but not limited to money lent, interest, expectancy damages, as well as attorney's fees and costs.

52. The total debt owed under the Note and Mortgage as of July 9, 2019, if no payments are made, is One Hundred Thousand Five Hundred Seventy-Five and 45/100 ($100,575.45) Dollars, which includes:

| Description | Amount |
|---|---|
| Principal Balance | $84,602.79 |
| Interest | $10,905.01 |
| Escrow/Impound Required | $3,762.13 |
| Total Advances | $737.66 |
| Late Charges Due | $567.86 |
| Grand Total | $100,575.45 |

53. Injustice can only be avoided by awarding damages for the total amount owed under the Note and Mortgage, and for money had and received, including interest, plus costs and expenses, including attorney fees.

## COUNT IV – QUANTUM MERUIT

54. The Plaintiff, U.S. Bank Trust, N.A., as Trustee for LSF10 Master Participation Trust, repeats and re-alleges paragraphs 1 through 53 as if fully set forth herein.

55. Countrywide Bank, FSB, predecessor-in-interest to U.S. Bank Trust, N.A., as Trustee for LSF10 Master Participation Trust, loaned Defendant, F. Michael Piveronas, $91,000.00. *See* Exhibit B.

56. The Defendant, F. Michael Piveronas, is in default for failure to properly tender the August 1, 2017 payment and all subsequent payments. *See* Exhibit J.

57. As a result of the Defendant F. Michael Piveronas's failure to perform under the terms of their obligation, the Defendant, should be required to compensate the Plaintiff, U.S. Bank Trust, N.A., as Trustee for LSF10 Master Participation Trust.

58. As such, the Plaintiff, U.S. Bank Trust, N.A., as Trustee for LSF10 Master Participation Trust, is entitled to relief under the doctrine of *quantum meruit*.

## COUNT V – UNJUST ENRICHMENT

59. The Plaintiff, U.S. Bank Trust, N.A., as Trustee for LSF10 Master Participation Trust, repeats and re-alleges paragraphs 1 through 58 as if fully set forth herein.

60. Countrywide Bank, FSB, predecessor-in-interest to U.S. Bank Trust, N.A., as Trustee for LSF10 Master Participation Trust, loaned the Defendant, F. Michael Piveronas, $91,000.00. *See* Exhibit B.

61. The Defendant, F. Michael Piveronas, has failed to repay the loan obligation.

62. As a result, the Defendant, F. Michael Piveronas, has been unjustly enriched to the detriment of the Plaintiff, U.S. Bank Trust, N.A., as Trustee for LSF10 Master Participation Trust as successor-in-interest to Countrywide Bank, FSB by having received the aforesaid benefits and money and not repaying said benefits and money.

63. As such, the Plaintiff, U.S. Bank Trust, N.A., as Trustee for LSF10 Master Participation Trust, is entitled to relief.

## PRAYERS FOR RELIEF

WHEREFORE, the Plaintiff, U.S. Bank Trust, N.A., as Trustee for LSF10 Master Participation Trust, prays this Honorable Court:

a) Issue a judgment of foreclosure in conformity with Title 14 § 6322;

b) Grant possession to the Plaintiff, U.S. Bank Trust, N.A., as Trustee for LSF10 Master Participation Trust, upon the expiration of the period of redemption;

c) Find that the Defendant, F. Michael Piveronas, is in breach of the Note by failing to make payment due as of August 1, 2017, and all subsequent payments;

d) Find that the Defendant, F. Michael Piveronas, is in breach of the Mortgage by failing to make payment due as of August 1, 2017, and all subsequent payments;

e) Find that the Defendant, F. Michael Piveronas, entered into a contract for a sum certain in exchange for a security interest in the subject property;

f) Find that the Defendant, F. Michael Piveronas, is in breach of contract by failing to comply with the terms and conditions of the Note and Mortgage by failing to make the payment due August 1, 2017 and all subsequent payments;

g) Find that the Plaintiff, U.S. Bank Trust, N.A., as Trustee for LSF10 Master Participation Trust, is entitled to enforce the terms and conditions of the Note and Mortgage;

h) Find that by virtue of the money retained by the Defendant, F. Michael Piveronas has been unjustly enriched at the Plaintiff's expense;

i) Find that such unjust enrichment entitles the Plaintiff, U.S. Bank Trust, N.A., as Trustee for LSF10 Master Participation Trust, to restitution;

j) Find that the Defendant, F. Michael Piveronas, is liable to the Plaintiff, U.S. Bank Trust, N.A., as Trustee for LSF10 Master Participation Trust, for money had and received;

k) Find that the Defendant, F. Michael Piveronas, is liable to the Plaintiff for *quantum meruit*;

l) Find that the Defendant, F. Michael Piveronas, has appreciated and retained the benefit of the Mortgage and the subject property;

m) Find that it would be inequitable for the Defendant, F. Michael Piveronas, to continue to appreciate and retain the benefit of the Mortgage, Note and subject property without recompensing the appropriate value;

n) Find that the Plaintiff, U.S. Bank Trust, N.A., as Trustee for LSF10 Master Participation Trust, is entitled to restitution for this benefit from the Defendant, F. Michael Piveronas;

o) Determine the amount due on said Mortgage and Note, including principal, interest, reasonable attorney's fees and court costs;

p) Additionally, issue a money judgment against the Defendant, F. Michael Piveronas, and in favor of the Plaintiff, U.S. Bank Trust, N.A., as Trustee for LSF10 Master Participation Trust, in the amount of One Hundred Thousand Five Hundred Seventy-Five and 45/100 ($100,575.45 Dollars, the total debt owed under the Note plus interest and costs including attorney's fees and costs;

q) For such other and further relief as this Honorable Court deems just and equitable.

|  |  |
|---|---|
|  | Respectfully Submitted,<br>U.S. Bank Trust, N.A., as Trustee for LSF10 Master Participation Trust,<br>By its attorneys, |
| Dated: June 26, 2019 | /s/ Reneau J. Longoria, Esq.<br>/s/ John A. Doonan, Esq.<br>John A. Doonan, Esq., Bar No. 3250<br>Reneau J. Longoria, Esq., Bar No. 5746<br>Attorneys for Plaintiff<br>Doonan, Graves & Longoria, LLC<br>100 Cummings Center, Suite 225D<br>Beverly, MA 01915<br>(978) 921-2670<br>JAD@dgandl.com<br>RJL@dgandl.com |